IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOSHUA LEE KNOOP, PRO SE, <br> also known as <br> JOSH LEE KNOOP, <br> County No. 015549, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT DOUGLAS ET AL., <br><br> Defendants. | 2:09-CV-0148 |

**MEMORANDUM OPINION, ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, AND ORDER OF DISMISSAL**

On this day came for consideration the Motion for Summary Judgment filed August 11, 2010 by the remaining defendant ROBERT DOUGLAS in the above-referenced and numbered cause. Plaintiff has wholly failed to respond to defendant's motion for summary judgment, and the period for response has expired.

On July 12, 2010, the Motion to Dismiss filed by defendant GRAY COUNTY JAIL was granted and plaintiff's claims against defendant GRAY COUNTY JAIL were dismissed with prejudice.

**CLAIMS**

By his complaint, plaintiff claims that, after plaintiff repeatedly refused to obey orders to put on his shirt, after plaintiff threatened to fight officers if they tried to force him to obey, after plaintiff fought officers trying to make him exit D-Tank, and after plaintiff finally made officers take him to the floor and apply restraints, defendant DOUGLAS utilized excessive force by repeatedly banging plaintiff's head against the wall while escorting him to Holding Cell 1. By his July 7, 2009 response to the Court's Briefing Order, plaintiff alleged he sustained knots on his head and a cut on his back as a result of the uses of force.

Plaintiff requests an award of $500,000.00 and that defendant DOUGLAS be fired.

## UNDISPUTED FACTS

Plaintiff, appearing *pro se*, filed this suit while a prisoner in the custody of the Gray County Jail. At all times relevant to this cause, plaintiff was a convicted prisoner, having suffered revocation of his misdemeanor probation and having been adjudicated guilty, receiving a sentence of ninety days confinement in the Gray County Jail, as well as various fines and court costs [Defendant's Exhibit D[1] at Appendix pp. 10-12]. At all times relevant to this cause, defendant DOUGLAS was a Deputy for Gray County, acting under color of state law.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

By his motion defendant argues: (1) with respect to the alleged incident, there is no evidence defendant physically contacted plaintiff while plaintiff was transported to the holding cell, no evidence defendant used any force against plaintiff maliciously or sadistically to cause him harm, and no evidence that any force utilized against plaintiff was not used in a good faith effort to maintain or restore discipline; (2) the evidence of record shows defendant did not physically contact plaintiff while plaintiff was transported to the holding cell, defendant did not use any force against plaintiff maliciously or sadistically to cause him harm; and any force used against plaintiff was in a good-faith effort to maintain or restore discipline; and (3) defendant asserts his entitlement to qualified immunity and argues no evidence in the record defeats that entitlement.

## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a

---

[1] All references to Defendant's Exhibit or Defendant's Appendix are to the Appendix in Support of Defendant's Motion for Summary Judgment filed August 11, 2010.

showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Because the consequences of summary judgment are so severe, the court must be careful to avoid premature termination of legitimate lawsuits merely because of unskilled presentations. *Murrell v. Bennett*, 615 F.2d 306 (5th Cir. 1980). In determining a movant's request for summary judgment, all reasonable inferences must be made in favor of the party opposing the motion. *Phillip's Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Upon such a showing, the burden of production shifts to the nonmovant to delineate specific facts which demonstrate the presence of a genuine issue of material fact. *Id.*; *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992). A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

## THE STANDARD OF SUMMARY JUDGMENT REVIEW
## UPON A PLEA OF QUALIFIED IMMUNITY

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

The second prong of the qualified immunity test is whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998). Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question. *Id.* (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

In deciding which of the two prongs to address first, the court may utilize its sound discretion in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

## EFFECT OF PLAINTIFF'S FAILURE TO RESPOND

The Court cannot grant summary judgment by default because of plaintiff's failure to respond, *Hibernia National Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); however, the Court is permitted to accept the defendants' evidence as undisputed and may grant summary judgment to the defendants upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996); *Tutton v. Garland Indep. Sch. Dist.*, 733 F.Supp. 1113, 1117

(N.D.Tex.1990); *Buckley v. Dallas County*, Civil Action No. 3:97-CV-1649-BC, 2000 WL 502845 (N.D.Tex. April 27, 2000).

Where the movant does not bear the burden of proof at trial, it may meet its summary judgment obligation by pointing out the absence of evidence to support the non-movant's claims. *See, Celotex v. Catrett*, 477 U.S. 317 at 325. Once the movant has met its obligation, the burden shifts to the non-movant to adduce evidence showing a genuine issue of material fact for trial. *Id.* at 324. This burden may be satisfied by designating specific facts on the record and articulating the precise manner in which they support the non-movant's claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

Usually, where the nonmovant fails to respond to a motion for summary judgment, he is relegated to his unsworn pleadings, which do not constitute summary judgment evidence. *See, e.g., Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991). However, in the instant case, plaintiff's section 1983 Amended Complaint was signed and declared to be true and correct under penalty of perjury. Therefore, it is proper summary judgment evidence. *Bookman v. Shubzda*, 945 F.Supp. at 1003.

Nevertheless, when a party fails to identify evidence in the record to oppose a motion for summary judgment, that evidence is not properly before the court. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992). While the court is not prohibited from considering anything in the record, Rule 56 does not require the Court to excavate the entire record in search of evidence to oppose a summary judgment motion, especially where the non-movant has abdicated his responsibility to respond. *See Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 N.3 (5th Cir. 1996); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988)(it is not necessary "that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered").

"[I]f a plaintiff fails to respond to a properly supported summary judgment motion, [he] cannot meet [his] burden of designating specific facts showing that there is a genuine issue for trial." *Bookman v. Shubzda*, 945 F.Supp. at 1004. Therefore, the Court may consider the evidence presented by the moving party to be undisputed. See *Eversly v. Mbank*, 843 F.2d at 174; *Christian v. Dallas*, 64 F.Supp.2d 617, 623 (N.D.Tex. 1999).

Plaintiff's status as a *pro se* litigant, while it entitles him to a liberal construction of his response, does not excuse him, as the party with the burden of proof, from the requirement that he designate evidence demonstrating an issue of material fact. *Bookman v. Shubzda*, 945 F.Supp. at 1004-1005 (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d at 1338; *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 455 N.4 (5th Cir. 1995)(cautioning *pro se* litigant that disregard for rules of appellate procedure may result in dismissal), *aff'd on reh'g en banc on other grounds*, 789 F.3d 1415 (1996)), *Christian v. Dallas*, 64 F.Supp.2d at 623; *Buckley v. Dallas County*, Civil Action No. 3:97-CV-1649-BC, 2000 WL 502845 at *4 (N.D.Tex. April 27, 2000). A *pro se* litigant must follow the same procedural rules governing all litigants. *Christian v. Dallas*, 64 F.Supp.2d at 623 (citing *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992)(*per curiam*)(*pro se* litigant has no right to notice additional to that provided in Federal Rules of Civil Procedure).

Because of plaintiff's failure to respond, defendant's evidence is accepted as undisputed and summary judgment may issue to the defendant upon a prima facie showing of entitlement. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996).

## ANALYSIS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Initially, the Court notes that to the extent plaintiff is demanding the defendant be fired from his job, the federal courts are not personnel directors of county jails, and such relief is therefore unattainable in this action. *See, Maxton v. Johnson*, 488 F.Supp. 1030, 1032, n. 2

(D.S.C.1980), citing *United States v. White County Bridge Commission,* 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States,* 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960). Therefore, the Court examines plaintiff's claims and defendant's motion for summary judgment with respect to plaintiff's request for monetary relief.

As a convicted prisoner, plaintiff's protection against excessive force flows from the Eighth Amendment prohibition of cruel and unusual punishment. Nevertheless, when analyzing an excessive force claim under 42 U.S.C. § 1983, the same standard applies for a pretrial detainee invoking the Due Process Clause or a convicted prisoner invoking the Eighth Amendment. *Valencia v. Wiggins,* 981 F.2d 1440, 1447 (5th Cir.1993).

The malicious and sadistic use of force for the purpose of causing harm violates contemporary standards of decency. *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers,* 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of serious injury is relevant to this inquiry, but does not constitute its entirety. *Id.* 503 U.S. at 7, 112 S.Ct. at 999.

Defendant presents the sworn affidavit of Jesse Parks, a correctional officer at the Gray County Jail. Officer Parks avers that, on March 5, 2009, plaintiff refused to comply with his

instructions to put on his shirt while in the dayroom. Officer Parks removed the television in an effort to obtain compliance from plaintiff, but plaintiff continued to refuse to put on his shirt and, instead, threatened if any Gray County Jail personnel touched him, he would fight. At that point, Officer Parks states, he called for assistance. [Defendant's Exhibit E at Appendix, pg. 13].

Officer Parks further avers plaintiff used profanity, refused to allow jail personnel to handcuff him and physically resisted them while they were handcuffing plaintiff and the entire time he was being transported to a holding cell. He states he did not witness and did not himself use force against plaintiff maliciously or sadistically to cause harm, but only used force in a good-faith effort to maintain or restore discipline at the jail. [Defendant's Exhibit E at Appendix, pg. 14].

Defendant DOUGLAS also presents his own sworn affidavit, stating he went to the day room to offer assistance after being informed plaintiff had refused to comply with instructions to wear his shirt and had physically resisted when jail personnel tried to transport him to a holding cell. He states plaintiff refused to comply with instructions to place his hands behind his back to be handcuffed and resisted jail personnel in their attempts to place his hands behind his back. He avers plaintiff used profanity and physically resisted the entire time personnel transported him to a holding cell. [Defendant's Exhibit F at Appendix, pg. 16-17].

Defendant DOUGLAS further avers he did not physically touch plaintiff during the transport process and that, based on his observations, the force utilized against plaintiff was used in a good-faith effort to maintain or restore discipline at the jail. [Defendant's Exhibit F at Appendix, pg. 17].

Plaintiff has utterly failed to respond and has not met his "burden of designating specific facts showing that there is a genuine issue for trial." *Bookman v. Shubzda*, 945 F.Supp. at 1004. Therefore, the Court considers the evidence presented by defendant DOUGLAS to be

undisputed. See *Eversly v. Mbank*, 843 F.2d at 174; *Christian v. Dallas*, 64 F.Supp.2d 617, 623 (N.D.Tex. 1999).

The result is that plaintiff has failed to point to any evidence in the record that defendant ever physically contacted plaintiff, much less utilized excessive force against him. Likewise, plaintiff has not pointed to any evidence of record showing the force utilized by other Gray County Jail personnel was excessive, or for the purpose of maliciously or sadistically causing him harm instead of in a good-faith effort to restore order and discipline in the jail.

Further, the undisputed evidence affirmatively demonstrates defendant DOUGLAS did not utilize excessive force against plaintiff and made no physical contact with him during the use of force.

Lastly, the undisputed evidence fails to show plaintiff's constitutional rights were violated or that defendant DOUGLAS' conduct was objectively unreasonable in light of contemporaneous clearly-established law. Defendant DOUGLAS has shown the undisputed summary judgment evidence establishes his right to qualified immunity.

Defendant's evidence on these points is undisputed and he has made a prima facie showing of entitlement to summary judgment on the merits. *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D.Tex.1996).

## CONCLUSION

Drawing all reasonable inferences in favor of the nonmoving party, the Court finds defendant has submitted competent summary judgment evidence and arguments entitling him to summary judgment both on the merits and on the issue of qualified immunity; and plaintiff has failed to satisfy his burden in order to defeat the motion. Defendant DOUGLAS is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c).

It is HEREBY ORDERED that defendant's motion for summary judgment is GRANTED and plaintiff JOSHUA LEE KNOOP's claims against defendant ROBERT DOUGLAS are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The United States District Clerk shall mail a copy of this Order to plaintiff and to each attorney of record by first class mail.

It is SO ORDERED.

Signed this the 13th day of October, 2010.

MARY LOU ROBINSON
United States District Judge